

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-771
> In re: Constitutionality of
> H. B. No. 872, conferring limited
> jurisdiction on the County Court
> of Marion County in misdemeanor
> cases.

We acknowledge receipt of your letter of May 5, 1939, in which you request our opinion as to the constitutionality of House Bill No. 872. Section 1 of this bill reads as follows:

> "In addition to the jurisdiction heretofore conferred by law upon the County Court of Marion County, Texas, and the County Judge of Marion County, Texas, the said County Court shall have jurisdiction within Marion County of all criminal matters and causes of misdemeanor over which the District Court of Marion County, Texas, now has jurisdiction, and the jurisdiction of said Courts over such matters shall be concurrent, provided that the jurisdiction of the District Court of Marion County, Texas, shall be and remain as now fixed by law and be in no wise affected by this Act; and provided further, that the jurisdiction hereby conferred upon the County Judge of Marion County, Texas, shall extend to and only to those cases in which pleas of guilty are entered by the defendant in any cases of misdemeanor filed in said Court.

The question which you submit in your letter is "whether or not this act violates the constitutional provisions in reference to the jurisdiction of county courts."

Article V, Section 22, of the Constitution of Texas provides as follows:

> "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

It may be pointed out that under House Bill No. 872, the jurisdiction of the county court is dependent upon the plea which may be entered by the defendant. At the time of the filing of the proceedings, it will be impossible to tell whether the court has jurisdiction or not, and this willbe determined only when the defendant is called upon to enter his plea. If the defendant enters a plea of not guilty, the court will be without jurisdiction and all prior proceedings in the court will be rendered void.

We do not find any statute containing provisions similar to House Bill No. 872 nor any decisions referring to any similar statutory provisions.

Under Article 5, Section 22, of the Constitution, quoted above, the Legislature is given very broad powers with reference to the regulation of the jurisdiction of county courts, and we do not find any provision of the Constitution prohibiting the Legislature from limiting the county court's jurisdiction in the manner provided in House Bill No. 872. You are accordingly advised that it is our opinion that House Bill No. 872 does not violate any constitutional provisions in reference to the jurisdiction of the county courts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (signed)
James P. Hart
Assistant

JPH:AMM

APPROVED:

(signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS